IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 13-053-CG-C |
| BRYANT O'NELL NILES | ) ) ) | |

### ORDER

This matter is before the Court on Defendant, Bryant Niles' ("Niles") *pro se* pleading entitled "Nunc Pro Tunc Order", which this Court construed as a motion to reconsider this Court's Order denying Niles' motion for jail credit. (Doc. 59) and the United States' response (Doc. 57). Upon consideration and for the reasons set forth herein below, Niles' motion is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, a grand jury returned a twenty-two-count indictment against Niles. (Doc. 1). At the time of the indictment, Niles was in state custody. (Doc. 5). On May 23, 2013, Niles pled guilty to wire fraud in violation of 18 U.S.C. § 1343 (Count I) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count XII). (Doc. 19). On August 27, 2013, Niles was sentenced to 33 months' imprisonment. (Doc. 28). The record is silent as to whether Niles' sentence was to be served consecutively or concurrently with any other sentence.

In December 2015, Niles filed a "Motion to Run Sentence Concurrently" seeking an order from this Court that his federal sentence be run concurrently with

his state court sentence. (Doc. 52). This Court denied Niles' motion on December 14, 2015. (Doc. 53). On July 12, 2019, Niles filed a handwritten letter seeking jail credit for the time Niles served in federal custody. (Doc. 54). This Court construed Niles' letter as a Motion to Alter Judgment and denied the same on July 29, 2019. (Doc. 55). In so doing, this Court pointed out that "[t]he Federal Bureau of Prisons, not this Court, has exclusive authority to determine whether a defendant should receive credit for time spent in custody before the federal sentence commences." (*Id*. at 1; PageID.236) (citations omitted). The Court further notified Niles that "[a] claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." (*Id*. at 2; PageID.237)(citations omitted). On October 14, 2020, Niles filed the instant "Nunc Pro Tunc Order" which this Court construed as a motion for reconsideration. (Docs. 56 and 58). The Court ordered the Government to respond, and a response has since been filed. (Doc. 59). The matter is now ripe for adjudication.

## DISCUSSION

In Niles' most recent filing, he again states that he was erroneously denied jail credit for his time served in federal custody. (Doc 56). He additionally states that he has exhausted his administrative remedies with respect to his request for jail credit. (Doc. 56 at 1; PageID.238). As a result, Niles again requests that this Court enter an Order granting him the "proper jail credit he is due to receive according to 18 U.S.C. 3585". (*Id*. at 2; PageID.239). In response, the Government argues that Niles' motion should be construed as motion brought under 28 U.S.C. §

2241 and this Court should transfer the motion to Niles' district of confinement, the United States District Court for the District of South Carolina. (Doc. 59)

Pursuant to 18 U.S.C. § 3585(b) a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

18 U.S.C. § 3585(b). However, the "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010) (citing *United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351, 1355 (1992)); *United States v. Anderson*, 517 Fed. Appx. 772, 775 (11th Cir. 2013) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing."). To the extent that Niles again seeks this Court to correct his jail credit, the Court remains without the authority to calculate and award credit for time served in custody. As such, this Court will consider Niles' request as a motion pursuant to 28 U.S.C. §2241.

"[A] federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Williams*, 425 F.3d 987, 990 (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (interpreting § 3585(b)'s predecessor, § 3568)). "A claim for credit

3

for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.* (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). "Exhaustion of administrative remedies is jurisdictional." *Id.* (citing *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (addressing denial of a § 2241 petition)). "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Vance v. United States*, 476 F. App'x 234 (11th Cir. 2012); *United States v. Cox*, 2020 WL 5166039 at *2 (S.D. Ala. August 31, 2020).

Niles claims he has exhausted his administrative remedies with respect to his request for jail credit. Assuming, however, that exhaustion has taken place, Niles' § 2241 petition must be filed in the United States District Court where Niles is confined, which is in the United States District Court for the District of South Carolina. Accordingly, to the extent that Niles' motion is a § 2241 petition, this Court lacks jurisdiction to consider it.

## CONCLUSION

For the reasons set forth herein above, Niles' motion (Doc. 56) is DENIED. **DONE** and **ORDERED** this 18th day of October, 2020.

                                             /s/ Callie V. S. Granade
                                             SENIOR UNITED STATES DISTRICT JUDGE